# 98 DTA 190

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE PONCE Y AIBONITO**

ALCIDES OQUENDO SOLIS, HELEN DEL TORO SEGARRA Y LA SOCIEDAD LEGAL DE
GANANCIALES QUE ESTOS COMPONEN
Demandantes-Recurridos

v.

JOSE ALFREDO TORO SALAS, CLARY S. TORO, DR. EDUARDO ROBERT ORTIZ; DR. VICTOR
AVILES TORO; LAB. CLINICO AMUNDARAY; MARIVE INVESTMENT INC., Y REMEDIC CORP.
Demandados

CLARA HORTENSIA SALAS C/P CLARY S. TORO

Núm. KLCE-98-00325

San Juan, Puerto Rico, a 4 de agosto de 1998

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Segarra Olivero, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

La co-demandada-recurrente Clara Hortensia Salas c/p Clary S. Toro nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, mediante la cual se declaró sin lugar la petición de sentencia sumaria presentada por ésta.

Por los fundamentos que más adelante exponemos, denegamos la expedición del auto.

El 2 de febrero de 1998, la parte demandante-recurrida de epígrafe presentó una demanda de daños y perjuicios en la que alegó, en síntesis, que: era propietaria del primer nivel del edificio Profesional ubicado en la Calle Concordia, Núm. 33 en Ponce, P.R.; que los co-demandados ocupan y/o son propietarios de un edificio que está contiguo a su propiedad en el cual han abierto puertas e instalado unidades de aire acondicionado que invaden el suelo y el vuelo de la propiedad de los demandantes; que han descargado aguas hacia su propiedad; que ello ha impedido el libre disfrute de la misma y han causado una merma considerable en el valor de ésta; que el co-demandado José Toro Salas ha impedido que la parte demandante derive ingreso por el uso de su propiedad.

Posteriormente, Clara Hortensia Salas compareció ante el Tribunal de Primera Instancia con una moción en la que se solicitaba se dictara sentencia sumariamente. Alegó que no había controversia sobre los siguientes hechos esenciales: que ella es la presidente de Marive Investment, Inc., compañía que es dueña del edificio localizado en la Calle Concordia Núm. 33 de Ponce, P.R.; que no es ella quien administra la referida propiedad sino el co-demandado José Toro Salas; que ella no ha intervenido en ninguno de los actos que se relacionan en la demanda; y que aun en el supuesto de que procediera la demanda contra Marive Investment, Inc., ella no sería responsable en forma alguna toda vez que los accionistas, directores y oficiales de una corporación no responden de las obligaciones contraídas por ésta.

El 16 de marzo de 1998 el Tribunal de Primera Instancia emitió la resolución recurrida en la cual dispuso lo siguiente:

*"La co-demandada señora Clara S. Toro ha presentado una Moción titulada Sentencia Sumaria, aunque en verdad es una solicitud de desestimación. Para que ésta prospere ha de demostrarse que no procede la acción bajo supuesto alguno de derecho concebible. Figueroa v. Tribunal, 88 D.P.R. 227. Las alegaciones de la demanda en el caso de autos no excluyen una posible causa de acción contra la promovente. Así, pues, procede denegar la solicitud."*

Inconforme con tal dictamen, Clara Salas acude ante nos mediante el presente recurso de *certiorari* en el que alega que el tribunal *a quo "venía obligado a aceptar como ciertos los hechos que la parte promovente anunció que no estaban en controversia"*, toda vez que la parte demandante no presentó su oposición a la solicitud para que se dictara sentencia sumariamente. Entendemos que no le asiste la razón.

La Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, dispone el procedimiento y las normas que el tribunal habrá de considerar para determinar si debe dictarse sentencia sumariamente.

El propósito de esta regla es resolver justa, rápida y económicamente los pleitos en que, por no existir una controversia real de hechos, resulta innecesario celebrar un juicio en su fondo. *González v. Alicea,* ___ D.P.R. ___ (1993), **93 J.T.S. 16.**

Una sentencia sumaria procede si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. Regla 36.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.3; *Rodríguez y Lugo v. Secretario de Hacienda,* ___ D.P.R. ___ (1994), **94 J.T.S. 20;** *Worldwide Food Distributors v. Colón Bermúdez,* ___ D.P.R. ___ (1993), **93 J.T.S. 114.** Sólo se puede dictar sentencia sumariamente cuando no existe una legítima disputa de hecho que deba ser dirimida, y sólo resta la aplicación del derecho, ponen en peligro o se lesionan los intereses de las partes. *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986).

La moción de sentencia sumaria obliga a las partes a presentar las pruebas que se utilizarán en el juicio para apoyar una alegación. Su efecto real es adelantar incidentes que podrían ocurrir en el juicio. A través de este mecanismo el tribunal puede considerar prueba que, de no ser adecuadamente refutada, permite que se disponga del pleito a favor de una de las partes. *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272 (1990).

En el caso de autos la parte promovente de la moción de sentencia sumaria, Clara Hortensia Salas, no acompañó ningún documento ni declaración jurada en apoyo de sus alegaciones. Los tribunales no pueden resolver una sentencia sumaria basándose únicamente en las alegaciones de una parte. Por ello, el tribunal recurrido consideró, correctamente, la solicitud presentada por la recurrente como una moción de desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, y la declaró sin lugar al concluir que las alegaciones de la demanda en el caso de autos no excluyen una posible causa de acción contra Clara Hortensia Salas.

Nuestro Tribunal Supremo ha resuelto que los tribunales, al considerar una moción para desestimar la demanda, deben presumir como ciertos los hechos bien alegados en la demanda e interpretar la misma lo más liberalmente posible a favor de la parte demandante. *Unysis v. Ramallo,* 128 D.P.R. 842 (1991); *Candal v. CT Radiology Office, Inc.,* 112 D.P.R. 227, 231 (1982). La desestimación definitiva de un pleito sólo procederá cuando el demandante no tenga derecho a ningún remedio bajo cualesquiera situación de hechos o derecho que pueda probar en el juicio, en función a lo alegado en la demanda. *Candal v. CT Radiology Office, Inc., supra.* A la luz de esta normativa, concluimos que actuó correctamente el tribunal recurrido al declarar sin lugar la solicitud de desestimación presentada por Clara Hortensia Salas.

**II**

Por los fundamentos anteriormente expuestos, denegamos la expedición del auto solicitado.

Así lo acordó y lo manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General